UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EUGENE TAYLOR,<br><br>　　　　　　　　　　Petitioner,<br><br>vs.<br><br>T. McDONALD, WARDEN,<br><br>　　　　　　　　　　Respondent. | CASE NO. 10-cv-177 MMA (BGS)<br><br>**ORDER:**<br><br>**OVERRULING PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION;**<br><br>[Doc. No. 14]<br><br>**ADOPTING REPORT AND RECOMMENDATION;**<br><br>[Doc. No. 10]<br><br>**DISMISSING PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>[Doc. No. 1]<br><br>**DENYING CERTIFICATE OF APPEALABILITY** |

Pending before the Court is the Report and Recommendation of Magistrate Judge Bernard G. Skomal, filed March 7, 2011, recommending the Court deny Petitioner Robert Eugene Taylor's ("Taylor") Petition for Writ of Habeas Corpus. [Doc. No. 10.] Although the deadline for filing objections to the Report and Recommendation had passed, Taylor filed documents in response to portions of the Magistrate Judge's Report. The Court construes Taylor's filing as a belated

objection to the Report and Recommendation. Having considered the parties' filings, the Magistrate Judge's Report and Recommendation, the relevant controlling authority, and for the following reasons, the Court **OVERRULES** Taylor's objections, **ADOPTS** the Report and Recommendation in its entirety, and **DISMISSES** the Petition for Writ of Habeas Corpus.

## BACKGROUND

*A. Procedural Background in State Court*

On June 3, 2005, a jury found Taylor guilty of nine counts of petty theft, and found true all the charged priors and enhancements. On March 23, 2006, the superior court sentenced Taylor to consecutive prison terms totaling 21 years, four months. (Lodg. 18, RT Vol. 6.) Taylor, represented by counsel, filed a direct appeal on grounds that (1) the trial court erred by refusing to give defense counsel's proposed mistake of fact jury instruction and/or for improperly instructing the jury ("instructional error"); and (2) the trial court's imposition of consecutive determinate sentences violated Taylor's right to a jury trial and due process ("sentencing error"). (Lodg. 2.) The appellate court affirmed Taylor's conviction and sentence in a reasoned decision. (Lodg. 7.) Taylor subsequently filed a petition for review with the California Supreme Court, which was summarily denied on April 9, 2008. (Lodgs. 8, 9.)

On July 14, 2008, Taylor, proceeding *pro se*, filed a state habeas petition in superior court asserting (1) he received ineffective assistance of trial counsel because counsel failed to request a continuance to obtain phone records to impeach certain witness testimony at trial; and (2) his fair trial rights were violated when the court denied his motion for a new trial and allowed allegedly perjured witness testimony to stand ("perjured testimony claim"). (Lodg. 10.) The superior court denied the petition. (Lodg. 11.) Taylor then presented two habeas petitions to the state appellate court, asserting the same two grounds for relief. (Lodg. 12-14.) The appellate court denied habeas relief on grounds of procedural default, and for failure to demonstrate prejudice. (Lodg. 15.) Taylor filed a subsequent state habeas petition in the state supreme court, asserting the same two grounds for relief. (Lodg. 16.) The California Supreme Court summarily denied the petition. (Lodg. 17.)

///

*B. Procedural Background in Federal Court*

On January 21, 2010, Taylor, proceeding *pro se*, filed the present Petition for a writ of habeas corpus under 28 U.S.C. section 2254. [Doc. No. 1.] The Petition presents four grounds for relief: (Ground One) ineffective assistance of trial counsel; (Ground Two) use of perjured testimony; (Ground Three) instructional error; and (Grounds Four) sentencing error. [Id.] These four grounds are the same claims he raised on direct appeal and in his state habeas petitions. Respondent concedes Taylor has exhausted these grounds. On March 23, 2010, Respondent filed an answer. [Doc. No. 4.]

On March 7, 2011, Magistrate Judge Skomal submitted a Report and Recommendation that the petition be denied in its entirety on grounds that Taylor is not in custody in violation of any federal right. [Doc. No. 10.] The Court ordered that objections to the Report and Recommendation be filed no later than March 21, 2011. The deadline to file objections passed, but on April 4, 2011, Taylor filed a "Motion for Extension of Time [and] Motion [for] Leave to Correct Writ of Habeas Corpus." [Doc. No. 11.] Although entitled as a motion for leave to amend his Petition, the Court construes Taylor's April 4, 2011 filing an objection to one portion of Magistrate Judge Skomal's Report and Recommendation. [*See* Doc. No. 11, p. 2 ("Petitioner now elects to address respondents [*sic*] response, and the Magistrates [*sic*] recommendations.").]

**STANDARD OF REVIEW**

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Federal Rule of Civil Procedure 72 and 28 U.S.C. section 636(b)(1). When no objections are filed, a district court may assume the correctness of the magistrate judge's factual findings, and decide the motion on the applicable law. *Johnson v. Nelson*, 142 F. Supp. 2d 1215, 1217 (S.D. Cal. 2001) (citing *Campbell v. United States District Court*, 501 F.2d 196, 206 (9th Cir. 1974)). Where a party files written objections to the Report and Recommendation, "the district judge to whom the case is assigned shall make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); *see also Hunt v. Pliler*, 384 F.3d 1118, 1123 (9th Cir. 2004). A district

1 court has discretion, but is not required, to consider evidence or claims presented for the first time
2 in objections to a report and recommendation. *See Brown v. Roe*, 279 F.3d 742, 744–45 (9th Cir.
3 2002).

## DISCUSSION

5       The Magistrate Judge recommends the Court find Ground One for ineffective assistance of
6 trial counsel and Ground Two for perjured testimony claims are procedurally defaulted under
7 California's independent and adequate untimeliness bar. And if the Court reaches the merits of
8 Grounds One and Two, the Magistrate Judge recommends the Court find they are without merit.
9 The Magistrate Judge also recommends the Court find Taylor's Ground Three for instructional
10 error does not warrant relief because the state courts' rejection of this claim was objectively
11 reasonable and did not violate Taylor's constitutional rights. The Magistrate Judge also
12 recommends the Court find Taylor's request for habeas relief based on Ground Four for sentencing
13 error be denied because the state court's decision was not contrary to nor an unreasonable
14 applicable of the relevant controlling federal authority.

15    *A. Petitioner's Objection*

16       Taylor essentially objects on the narrow ground that Grounds One and Two should not be
17 found procedurally barred. He presents this argument for the first time in his objection to the
18 Report. The Court exercise its discretion to consider Taylor's newly raised argument, and reviews
19 *de novo* those portions of the Report to which objection has been made. *See Brown*, 279 F.3d at
20 745.

21       When the appellate court denied Taylor's request for habeas relief, the court rejected
22 Taylor's ineffective assistance of trial counsel and perjured testimony claims because he "could
23 have raised his contentions on direct appeal," but did not do so (Lodg. 15), *citing In re Clark*, 5
24 Cal.4th 750 (1993). The appellate court denied Taylor's claims as untimely as indicated by its
25 citation to *Clark*. *See, Clark.* 5 Cal. 4th at 765.

26       Federal courts will not review a question of federal law decided by a state court if the state
27 court's decisions "rests on a state law ground that is independent of the federal question and
28 adequate to support the judgment." *King v. LaMarque,* 464 F.3d 963, 965 (9th Cir. 2006). When

a state prisoner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The Ninth Circuit has recognized that California's timeliness requirement is an independent state procedural ground. *See Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). The United States Supreme Court recently determined that California's timeliness requirement qualifies as an independent state ground that is "adequate" to bar habeas relief in federal court. *Walker v. Martin*, 131 S.Ct. 1120, 2011 WL 611627 (Feb. 3, 2011).

The Magistrate Judge correctly found the appellate court's decision to deny relief rested on an independent and adequate state law ground. The Magistrate Judge also found Taylor did not attempt to show cause for the delay in bringing his claims, or that his circumstances fell within any exception to the timeliness bar. Taylor also did not challenge Respondent's procedural default argument in a Traverse. Based on these findings, and under the relevant authority, the Magistrate Judge correctly recommended Taylor's Petition Grounds One and two be denied as barred by California's independent and adequate state law untimeliness rule. [Doc. No. 10, p.13.]

Taylor argues that the ineffective assistance of his *appellate* counsel caused the default, and was the reason he did not seek direct review of his ineffective assistance of trial counsel and perjured testimony claims. [Doc. No. 11.] He contends appellate counsel decided not to raise these claims on direct appeal, and told him any claims not raised on direct appeal could be raised in a habeas petition. He argues he should not be penalized for his appellate counsel's failure to raise these claims on direct appeal.

The lack of effective assistance of counsel can be sufficient cause for a failure to comply with a state's procedural bar rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). But "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Carrier*, 477 U.S. at 486; *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir.2003). "Rather, attorney ignorance or

1 inadvertence does not constitute 'cause' unless it rises to the level of constitutionally ineffective
2 assistance of counsel." *Ratliff v. Hedgepeth*, 712 F. Supp. 2d 1038, 1054 (C.D. Cal. 2010)
3 (citations omitted). Thus, "[t]o constitute cause for procedural default of a federal habeas claim,
4 the constitutional claim of ineffective assistance of counsel must first have been presented to the
5 state courts as an independent claim." *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003) *citing*
6 *Murray*, 477 U.S. at 488-89 (1986).

7 Because Taylor did not raise an independent ineffective assistance of appellate counsel
8 claim to the state courts, he cannot show cause to excuse his procedural default. *Cook v. Schriro*,
9 538 F.3d 1000, 1029 (9th Cir.2008), *cert. denied*, 129 S.Ct. 1033 (2009). Moreover, counsel's
10 failure to recognize or raise a claim cannot constitute cause for procedural default. *Murray*, 477
11 U.S. at 486-87. Because he cannot show cause, the Court need not consider whether he also
12 suffered actual prejudice. *Cook*, 538 F.3d at 1027 n.13.

13 Furthermore, Taylor does not argue or attempt to demonstrate that he qualifies for the
14 "fundamental miscarriage of justice" exception to the procedural default rule. *See Casey v.*
15 *Moore*, 386 F.3d 896, 921 n. 27 (9th Cir. 2004) ( "[T]he fundamental miscarriage of justice
16 exception applies only when a constitutional violation probably has resulted in the conviction of
17 one actually innocent of a crime and petitioner supplements his constitutional claim with a
18 colorable showing of factual innocence, which [petitioner] has not done."), *cert. denied*, 545 U.S.
19 1146 (2005).

20 Based on the aforementioned reasons, the Court **OVERRULES** Taylor's objections to the
21 Report and Recommendation. To the extent Taylor also requested leave to amend the Petition
22 because he asserted Grounds One and Two should not be procedurally barred, such request is
23 accordingly denied. The Court **ADOPTS** the Magistrate Judge's recommendation that habeas
24 relief be denied on Grounds One and Two as procedurally barred under California's untimeliness
25 rule.

26 *B. Review of Entire Report*

27 The Court has read and considered the entirety of the Report, including the findings and
28 recommendations pertaining to all four of Taylor's grounds for habeas relief, and conducted *de*

*novo* review of the conclusions of law. The Court concludes that the Magistrate Judge issued an accurate report and well-reasoned recommendation that the instant Petition be denied. The Magistrate Judge correctly determined that habeas relief is unavailable because: (1) Grounds One and Two are procedurally defaulted because the state court result is not contrary to nor an unreasonable application of clearly established federal law; (2) habeas relief is not available on Ground Three because the state courts' rejection of Taylor's instructional error claim was objectively reasonable and did not violate Taylor's constitutional rights; and (3) habeas relief is not available on Ground Four because the appellate court's result in finding no error on the sentencing decision is not contrary to nor an unreasonable application of clearly established federal law.

## CONCLUSION

In light of the foregoing, the Court **ADOPTS** the findings and reasoning contained in the Report and Recommendation in their entirety. For the reasons stated in the Report, which are incorporated herein by reference, the Court **DENIES** Taylor's Petition. The Clerk of Court shall close the case file.

## CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 foll. 28 U.S.C. § 2254. A petitioner may not seek an appeal of a claim arising out of a state court detention unless the petitioner first obtains a certificate of appealability from a district judge or circuit judge under 28 U.S.C. § 2253. Fed. R. App. Proc. 22(b). Under 28 U.S.C. § 2253(c), a certificate of appealability will issue only if the petitioner makes a substantial showing of the denial of a constitutional right.

For the reasons set forth in detail in the Report and Recommendation, Taylor has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this action.

**IT IS SO ORDERED.**

DATED: July 22, 2011

Hon. Michael M. Anello
United States District Judge